937 F.2d 609
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elliott WILLIAMS, Plaintiff-Appellee,
v.
Jack OWENS, et al., Defendants,
Shelby County Health Care Corporation, d/b/a Regional
Medical Center at Memphis, and as The Med,
Defendant-Appellant.
 No. 90-5918.
 United States Court of Appeals, Sixth Circuit.
 July 16, 1991.
 
 Before MERRITT, Chief Judge, ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Shelby County Health Care Corporation, d/b/a Regional Medical Center at Memphis (hereinafter the "Med")[1], appeals the district court's grant of a three-part preliminary injunction requiring it to take, or refrain from, specific behavior in regard to plaintiff and all other inmates having sickle cell anemia incarcerated anemia at the Shelby County Jail. For the following reasons we dissolve the preliminary injunction and remand to the district court.
 
 
 2
 Plaintiff Elliott Williams suffers from sickle cell anemia, which produces periodic "pain crises" requiring medical attention. The incident in question arises from defendant medic Ron Leonard's refusal to provide plaintiff with pain medication during one of these alleged pain crises in the early morning of April 29, 1990. Plaintiff also alleged that Leonard physically abused him. Later that same morning another medic determined that Williams was probably undergoing sickle cell crisis and plaintiff was sent to the Med's emergency room, where he received some treatment and a prescription for a three day supply (fifteen tablets) of Percocet, a narcotic. The medication was dispensed to plaintiff that evening. Plaintiff contends that he received only five tablets. The medics on duty claim that he received all fifteen tablets.
 
 
 3
 Williams filed suit under 42 U.S.C. Sec. 1983 for constitutional deprivations involving his medical care as a pre-trial detainee in the Shelby County Jail. Plaintiff sought both damages and injunctive relief from the sheriff and various other persons or entities associated with Shelby county; four unnamed emergency medical technicians employed by the Med to care for inmates at the jail; and the Regional Medical Center at Memphis Foundation.[2]
 
 
 4
 The district court conducted a preliminary injunction hearing, and thereafter issued a preliminary injunction against the defendants. The injunction contained three separate orders: 1) enjoining medic Leonard "from examining or treating the plaintiff Elliott Williams at any time during the incarceration of Williams in the Shelby County Jail ..."; 2) ordering the County, the Med, and persons under them "to dispense the narcotic drugs at the times prescribed by the licensed physician who authorizes the dispensing of the narcotic medication"; and 3) ordering Shelby County officials to devise, along with the Med, "a proper protocol ... to see that the medical care technicians assigned the Shelby county jail shall be properly trained to diagnose, care for, and treat persons suffering from sickle cell anemia." The Med timely appealed.
 
 II.
 
 5
 A court must consider four factors in deciding whether to issue a preliminary injunction: 1) whether the plaintiff has shown a strong or substantial likelihood of success on the merits; 2) whether the plaintiff has demonstrated irreparable injury; 3) whether the issuance of a preliminary injunction would cause substantial harm to others; and 4) whether the public interest would be served by the issuance of the injunction. Parker v. United States Dept. of Agriculture, 879 F.2d 1362, 1367 (6th Cir.1989). The foregoing are factors to be balanced, not prerequisites to be met. In re DeLorean Motor Co., 755 F.2d 1223, 1229 (6th Cir.1985). However, the movant must at a minimum, show some likelihood of success on the merits. Id.
 
 
 6
 A district court's decision to grant or deny a preliminary injunction will not be disturbed absent an abuse of discretion; and this court will not reverse unless we find that the lower court "has made a serious and important error respecting the requirements of likelihood of success on the merits or irreparable injury." American Exploration Co. v. Columbia Gas Transmission Corp., 779 F.2d 310, 313 (6th Cir.1985). Decisions on the interpretation of the law are reviewed de novo; findings of fact will not be set aside unless clearly erroneous. Id.
 
 
 7
 Defendant first argues that the plaintiff failed to show that the Med adopted a policy of deliberate indifference toward plaintiff's serious medical needs and therefore failed to make even the minimally required showing of likelihood of success necessary to justify the preliminary injunction.
 
 
 8
 It is well settled that a local governing body may not be sued under 42 U.S.C. Sec. 1983 for an injury inflicted solely by its employees or agents; i.e., liabilities may not be imposed merely upon the basis of respondeat superior. Monell v. New York City Dept. of Social Serv., 436 U.S. 658, 691-92 (1978); Johnson v. Hardin County, Kentucky, 908 F.2d 1280, 1285 (6th Cir.1990); Beddingfield v. City of Pulaski, Tenn., 861 F.2d 968, 971 (6th Cir.1988). Thus an employer will not be held liable under 42 U.S.C. Sec. 1983 unless the allegedly unconstitutional act constitutes a governmental "policy" or "custom." Beddingfield, 861 F.2d at 971; Molton v. City of Cleveland, 839 F.2d 240, 146 (6th Cir.1988), cert. denied, 489 U.S. 1068 (1989). The Med, even though a private corporation, is clearly subject to these principles. See West v. Atkins, 487 U.S. 42 (1988) (private party who voluntarily contracts to provide medical services to inmates at a state prison hospital acts under "color of law" within the meaning of 42 U.S.C. Sec. 1983 and may be liable to inmates if its conduct constitutes deliberate indifference to inmates serious medical needs).
 
 
 9
 Despite the scope of the injunction in this case, the record contains no proof that the Med had a policy of deliberate indifference to plaintiff's serious medical needs. At the hearing, the district court restricted the scope of the proceeding to evidence relating to the incident between Leonard and plaintiff and refused to allow the Med to introduce the testimony of two witnesses, one of whom allegedly possessed personal knowledge of some of the events alleged in plaintiff's complaint. The record is devoid of evidence showing a pattern of unconstitutional acts by Med employees. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 821-24 (1985) (plurality opinion) (single instance of unconstitutional conduct by a low level employee does not show the existence of a policy). Thus we conclude that the district court abused its discretion in refusing to allow the Med's witnesses to testify as to its policies and practices.
 
 
 10
 We also find that the district court abused its discretion in fashioning its injunctive relief to run in favor of nonparties despite the fact that plaintiff did not bring suit as a class representative. All three of the injunctions which involve the Med benefit not only plaintiff but all other inmates who suffer from sickle cell anemia. An injunction should be narrowly tailored to give only the relief to which the plaintiff is entitled. See Califano v. Yamasaki, 442 U.S. 682 (1979). See also Aluminum Workers Int'l Union v. Consolidated Aluminum Corp., 696 F.2d 437 (6th Cir.1982) ("... scope of relief should be strictly tailored to accomplish only that which the situation specifically requires ..."). An injunction may not be overbroad because it protects nonparties if such breadth is necessary to give the prevailing parties the relief to which they are entitled. See Brown v. Trustees of Boston University, 891 F.2d 337, 361 (1st Cir.1989) (citations and quotations omitted), cert. denied, 110 S.Ct. 3217 (1990). Here however, there is no basis for an injunction running to the benefit of other inmates, where the only evidence elicited in this case relates to one incident involving one paramedic and only one inmate. See Brown, 891 F.2d at 361 (injunction protecting class of university students overbroad where case established only that plaintiff alone had been victim of sex discrimination).
 
 
 11
 Finally, we also conclude that the district court abused its discretion in enjoining medic Ron Leonard since Leonard was never served in this case and never had an opportunity to file and answer.
 
 
 12
 Because of our disposition, we need not address the Med's remaining arguments on appeal.
 
 
 13
 For the foregoing reasons the district court's grant of a preliminary injunction is DISSOLVED and the case is REMANDED to the district court.
 
 
 
 [1]
 The other defendants have not appealed
 
 
 [2]
 At the preliminary injunction hearing, counsel for the Med appeared and informed the court that the Regional Medical Center at Memphis Foundation is a separate and distinct entity from the Med and that only the Med was a proper party defendant. The court therefore issued its preliminary injunction against the Med, even though plaintiff did not act to formally substitute it as a party. The Med does not challenge this procedural irregularity on appeal however